# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Hanley Industries, Inc. ) ASBCA No. 58198
)
Under Contract Nos. N00104-03-C-K101 )
N00104-04-C-K053 )
N00104-04-C-K063 )

APPEARANCE FOR THE APPELLANT: Ryan K. Manger, Esq.
Manger Law, LLC
St. Louis, MO

APPEARANCES FOR THE GOVERNMENT: Ronald J. Borro, Esq.
Navy Chief Trial Attorney
Abram D. Burnett, III, Esq.
Trial Attorney
NAVSUP Weapon Systems Support
Mechanicsburg, PA

## OPINION BY ADMINISTRATIVE JUDGE MELNICK ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

Hanley Industries seeks increased costs allegedly arising from the Department of the Navy's constructive change of three contracts for impulse cartridges. Each contract required Hanley to package the cartridges in accordance with very similar Special Packaging Instructions (SPIs) (R4, tab 6 at 263, 266-68, tab 18 at 443, 445-47, tab 23 at 517-20). Hanley complains that the government required it to pack one can of cartridges in one inner box, while Hanley maintains that the SPIs permitted it to place multiple cans in a box. The parties have crossed-moved for summary judgment, seeking the Board to adopt their interpretations of the contracts. Hanley also contends that the government should be equitably estopped from relying upon its position because it approved Hanley's program plan referring to cans in the plural, as well as a First Article Test (FAT) sample containing multiple cans in a box.

Summary judgment should be granted if there are no genuine issues of fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The SPIs are part of the contracts. When a contract is unambiguous it should be given its plain and ordinary meaning, as derived "by a reasonably intelligent person acquainted with the contemporaneous circumstances." *Teg-Paradigm Envtl., Inc. v. United States,* 465 F.3d 1329, 1338 (Fed. Cir. 2006). The SPIs are not clear. They contain numerous undefined technical references. Though

some of that language might be clarified after careful review of various lengthy and complex military and international standards, it is not clear what weight limits the SPIs impose upon any boxes and how many cans may be placed inside a box. Indeed, both parties have relied upon extrinsic evidence to explain their interpretations of the SPIs. There is also evidence in the record of a contract modification acknowledging approval of the multiple can FAT submittal, raising a question as to the parties' contemporaneous interpretation of the contracts and course of performance. "When the meaning of a contract and the parties' intentions are both relevant and in dispute, there are mixed questions of fact and law that pose triable issues precluding summary judgment." *AshBritt, Inc.,* ASBCA Nos. 56145, 56250, 09-2 BCA ¶ 34,300 at 169,434; *see also Metropolitan Area Transit, Inc. v. Nicholson,* 463 F.3d 1256, 1260 (Fed. Cir. 2006) ("Having found the contract ambiguous, we may appropriately look to extrinsic evidence to aid in our interpretation...."); *Delfasco LLC,* ASBCA No. 59153, 15-1 BCA ¶ 35,853 (denying summary judgment after identifying at least one disputed issue for trial). Accordingly, the parties' cross-motions for summary judgment are denied.

Dated: 8 February 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58198, Appeal of Hanley Industries, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
